## Case No. 16,874.

### In re VAN RIPER et al.

[6 N. B. R. 573.][1]

District Court, W. D. Wisconsin. 1873.

BANKRUPTCY— DISCHARGE OF BANKRUPT—VALUE OF ESTATE—EVIDENCE.

Bankrupts made application for their discharge and took the testimony of the assignee, who swore that at the time he took possession

1 [Reprinted by permission.]

of the estate it was worth fourteen thousand dollars, which was more than fifty per cent. of the debts of said bankrupts, as set forth in their schedule. The evidence further shows that the assignee offered the real estate at public sale, but was unable to obtain a bid upon it for the reason that it was heavily encumbered, and was at that time advertised for sale under a mortgage foreclosure suit. The assignee collected some twelve thousand two hundred dollars. Unsecured claims to the amount of fourteen thousand dollars have been proved, of which six thousand five hundred dollars were contracted prior to January 1, 1869, and seven thousand five hundred dollars subsequent to that date. ·On the part of the bankrupts it was claimed that a discharge should be granted from all their debts, for the reason that they had shown that at the time their estate passed into the hands of the assignee it was worth fifty per cent. of the claims proved. *Held,* that the word "assets" must be construed to mean money received by the assignee, and that the bankrupts are only entitled to receive a discharge from their debts contracted prior to January 1, 1869.

[Cited in Re Taggert. Case No. 13,725; Re Waggoner, 5 Fed. 917.]

By J. DAVIDSON BURNS, Register:

I, the undersigned register, do hereby certify that in the course of proceedings before me, at the hearing on the petition of said bankrupts [G. Van Riper and J. J. Van Riper] for their discharge, the said bankrupts appeared before me, and took and subscribed the oath required by section twenty-nine of the bankrupt act, and that no appearance was entered by any creditor in opposition to the application for discharge. That upon motion of Messrs. Atwell & Tryon, attorneys for the said bankrupts, the assignee of the said bankrupts' estate was sworn and examined before me; he testified that at the time he took possession of the said estate, consisting of real and personal property, it was, in his judgment, worth the sum of fourteen thousand dollars, whether above encumbrances or not, is not stated; this sum is more than fifty per centum of the whole of the debts of the said bankrupts, as set forth by them in their schedules annexed to their petition for adjudication. From a report heretofore made by the said assignee, it appears that he offered the real estate at public sale, but was unable to obtain a bid therefor, for the reason that it was heavily encumbered by mortgage, and was at the same time advertised for sale under and by virtue of a decree in chancery, in a suit brought to foreclose the equity of redemption in said mortgage; that at the foreclosure sale the property was sold for less than the amount due on the mortgage, and that he, the assignee, never received anything for the real estate. In his said deposition the assignee states that he considers the real estate was worth twelve thousand dollars of the above sum of fourteen thousand dollars, at the time he was appointed assignee. The assignee further reports that he has realized the gross sum of two thousand two hundred and thirteen dollars and fourteen cents from the sale of personal property and collection of accounts belonging to the joint estate of the bankrupts, and the sum of fifty dollars from the individual estate of Jacob J. Van Riper; this is all he received. He may collect a few hundred more, but this is contingent upon a suit which he has brought to recover certain property which he claims belongs to the estate of the bankrupts. Unsecured claims amounting to fourteen thousand three hundred and eighty-two dollars and thirty-three cents have been proved and allowed against the joint estate of said bankrupts (upon all of which they are liable as principal debtors), and a dividend of ten per cent. has been declared and paid thereon. Of said claims, six thousand seven hundred and thirty-nine dollars and sixty-two cents were contracted prior to January 1, 1869, and the sum of seven thousand six hundred and forty-two dollars and seventy-one cents subsequent to that date. A claim of four hundred and seventy dollars and forty-four cents has also been proved and allowed against the individual estate of Jacob J. Van Riper. No dividend has been declared on this claim. The written assent of creditors, contemplated by the provisions of section 33 of the bankrupt act [of 1867 (14 Stat. 533)], has never been filed by the bankrupts.

The said bankrupts, by their said attorneys, claimed that they were entitled to a full discharge from all their debts, for the reason that, by the said deposition of the said assignee, it is shown that at the time their estate or "assets" passed into the hands of the assignee the said estate or "assets" (or the value thereof) were "equal to" fifty per centum of the claims subsequently proved, upon which they were liable as principal debtors, and which claims or debts were contracted subsequent to the first day of January, 1869; that if, upon an appraisal of the estate or "assets," their value is found to be "equal to" fifty per centum of debts proved, then, by virtue of the amendments of July 27, 1868, and July 14, 1870, of section 33 of the bankrupt act, whereby, among other changes, the words "equal to" were substituted for the word "pay" contained in the original act, the court should grant a full discharge without requiring the assent of a majority of creditors to be filed. The determination of this point rests entirely upon the construction to be placed on the word "assets," as used in said section 33; whether it is to be taken in its most comprehensive sense, meaning the entire estate and effects, or the appraised value thereof, as they come to the hands of the assignee, or the proceeds or money received upon a sale of such estate and effects. If, as claimed by the bankrupts, it means the whole estate and effects, of whatsoever nature, before being reduced to money, then I think the position assumed by them is correct, and that a full discharge should be granted. Their "assets." in such case, were "equal to" fifty per centum of claims proved, and the bankrupts have complied with the requirements

of section 33 as amended. But it seems to me that their definition of the word "assets" is one that cannot be maintained. What sum the estate or "assets" may be appraised at, is by no means a true criterion of their value, or rather what they are "equal to;" there may be as many differing opinions as to the value of a given piece of property, as the number of individuals whose judgment is sought. The true test as to value, when that value is to be used to pay creditors, is the amount the property will bring upon a sale by the assignee, in accordance with the requirements of the law and general orders; what it produces in money with which to pay dividends to creditors and costs of proceedings, money being the only thing with which such payments can be made. The supreme court of the United States have placed an interpretation upon the word "assets," as used in reference to the granting of a discharge to bankrupts, which shows clearly that they hold the meaning to be money received. Section 29 provides that if "no assets" have come to the hands of the assignee, the bankrupt may apply for a discharge, &c. Form No. 35, of forms promulgated by the supreme court, is headed "Assignee's Returns Where There Are No Assets," and consists of a certificate by the assignee that "he has neither received nor paid any moneys on account of the estate." In the following cases the same meaning has been applied to the term "no assets": In re Hughes [Case No. 6,841]; In re Dodge [Id. 3,947]; In re Solis [Id. 13,165]. In the cases cited, the assignees had in their possession certain notes, accounts and claims against others, in favor of the bankrupts, upon which no money had been received; although it was thought something would eventually be realized therefrom, it was held that there were no assets in the hands of the assignee, at the time of the application for discharge. Taking this to be the true interpretation, it therefore follows that, at the time the assignee in the case now presented testifies that the "assets" were worth fourteen thousand dollars, he would, had the bankrupts then applied for a discharge (assuming sufficient time had elapsed therefor), have been required to make "assignee's return where there are no assets," i. e., that he had neither received (assets) nor paid any money (assets), &c., &c., notwithstanding the fact that he held property which in his judgment was worth the sum of fourteen thousand dollars. As shown by the report of the assignee, this property when sold brought the sum of two thousand two hundred and thirty-two dollars and fourteen cents, being considerably less than fifty per centum of claims proved. In Re Freiderick [Id. 5,092] an application was made for the appointment of appraisers to ascertain the value of "assets" of the bankrupt. it being claimed by him that the value of said "assets" or estate was "equal to" fifty per centum of provable claims. The application was denied by the court, and

it was held that "the plain and obvious meaning of 'assets' in this section (33) was the proceeds of the debtor's property which are applicable to the payment of his debts." And, further, that since the amendment the section is to be construed as if it read, "The proceeds of the bankrupt's property in the hands of the assignee, and subject to be divided among his creditors, must be equal to fifty per centum," &c. This same construction was repeated in Re Graham [Id. 5,661]. Blatchford. J., in Re Webb [Id. 17,314], concurs in the decision in Re Freiderick [supra]. In Re Kahley [Case No. 7,594] a sum exceeding fifty per centum of debts proven, was received by the assignee from bankrupt's estate, but, after payment of costs and expenses of proceedings in bankruptcy, the dividend to creditors was not "equal to" fifty per centum of such debts. Discharge was granted to the bankrupt, it being held that the question of discharge should be governed by the gross amount or sum received by the assignee (when equal to fifty per centum of claims proven), and not by the percentage of dividend to creditors. While the court dissents from the views expressed in Re Freiderick, the decision certainly does not go to the length claimed by the bankrupts in Re Van Riper.

It is held that, by the amendment of section 33, the word "assets" should now receive its ordinary signification, which is as comprehensive as "estate" or "effects"; that the right to a discharge should be based upon the "gross value" of the bankrupt's "assets." I understand the words "gross value," as here used, to signify the gross amount or sum of money received upon a sale of the bankrupt's estate and effects, for upon page 192 the judge says, "The clear intention of the amendment, to my mind. was to relieve the bankrupt of the costs and expenses of the proceedings. If his estate realized a sum equal to fifty per centum of claims proven, he should be discharged, whether it was paid to creditors, or absorbed by costs and expenses." And on page 193, in section 47, it is stated "that if sufficient 'assets' for the payment of fees," &c., showing that it (the word "assets") may be used, and is used, as meaning the estate. applicable alike to the payment of debts and expenses. Unless money can be realized from the "estate," "effects," or "assets," then there is nothing belonging to the bankrupt's estate, whether called estate or assets. applicable to the payment of fees. I do not understand the decision in Re Kahley to go further than to assert the rule that the question of discharge shall be determined by the gross amount of money realized, without regard to the disposition that may be made of such amount.

Upon a careful examination of the whole question. and of the proceedings in the above bankruptcy, I am led to the conclusion that the said bankrupts. George Van Riper and Jacob J. Van Riper. are not entitled to a discharge from all their debts. and therefore

certify and report, that they have in all things conformed to their duty under the bankrupt act, respecting their debts contracted prior to the first day of January, A. D. eighteen hundred and sixty-nine, and that they are entitled, under the provisions of said act, to receive a discharge from their debts contracted prior to said first day of January, and which existed on the sixth day of June, A. D. eighteen hundred and seventy. In re Seay [Case No. 12,597].

WITHEY, District Judge. The rulings of the register are approved. I fully concur in the opinions expressed, and direct decrees to be entered in conformity thereto.